IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **MICHAEL RINTOUL**, <br><br>    Plaintiff, <br><br> v. <br><br> **OLD DOMINION FREIGHT LINE, INC.,** a foreign corporation, <br><br>    Defendant. | Case No. 3:21-cv-1733-JR <br><br> **ORDER** |

**Michael H. Simon, District Judge.**

      United States Magistrate Judge Jolie Russo issued Findings and Recommendation (F&R) in this case on April 23, 2024. Judge Russo recommended that this Court grant Defendant's Motion for Partial Summary Judgment. Judge Russo also recommended that this Court deny Defendant's Motion for Sanctions.

      Rule 72 of the Federal Rules of Civil Procedure allows a magistrate judge to "hear and decide" all referred pretrial matters that are "not dispositive of a party's claim or defense." Fed. R. Civ. P. 72(a). For dispositive matters when the parties have not consented to the magistrate judge's jurisdiction, Rule 72 allows the magistrate judge only to "enter a recommended disposition, including, if appropriate, proposed findings of fact." Fed. R. Civ. P. 72(b)(1). When

PAGE 1 – ORDER

a party timely objects to a magistrate judge's determination of a dispositive motion, the district judge must make a de novo determination of those portions of the magistrate judge's proposed findings and recommendations to which an objection has been made. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3).

If no party objects to a magistrate judge's findings and recommendations on a dispositive motion, the Federal Magistrates Act (Act) does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report to which no objections are filed."); *United States. v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (holding that the court must review *de novo* magistrate judge's findings and recommendations if objection is made, "but not otherwise"). The Advisory Committee Notes to Rule 72(b) of the Federal Rules of Civil Procedure recommend that "[w]hen no timely objection is filed," the court review the magistrate judge's findings and recommendations for "clear error on the face of the record."

When a party timely objects to a magistrate judge's determination of a *nondispositive* matter, however, the district judge may reject that determination *only* when the magistrate judge's order is either clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). This means the Court will review the magistrate judge's factual findings for clear error and legal conclusions de novo. *See Bisig v. Time Warner Cable, Inc.*, 940 F.3d 205, 219 (6th Cir. 2019) ("Under 28 U.S.C. § 636(b)(1)(A), a district court may reconsider a magistrate judge's decision on a non-dispositive, non-excepted, pending pretrial matter only if it is clearly erroneous or contrary to law. This standard requires the District Court to review findings of fact for clear error and to review matters of law de novo." (cleaned up)); *Equal Emp. Opportunity Comm'n v. Peters' Bakery*, 301 F.R.D. 482, 484 (N.D. Cal. 2014) (same).

PAGE 2 – ORDER

"[R]eview under the clearly erroneous standard is significantly deferential, requiring a definite and firm conviction that a mistake has been committed." *Sec. Farms v. Int'l Bhd. of Teamsters*, 124 F.3d 999, 1014 (9th Cir. 1997). "The reviewing court may not simply substitute its judgment for that of the deciding court." *Grimes v. City & County of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991). "And an order is contrary to the law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Bisig*, 940 F.3d at 219 (cleaned up); *Perez v. City of Fresno*, 519 F. Supp. 3d 718, 722 (E.D. Cal. 2021); *Calderon v. Experian Info. Sols., Inc.*, 290 F.R.D. 508, 511 (D. Idaho 2013).

Here, Defendant timely filed an objection, to which Plaintiff did not respond. Defendant objects to the portion of the F&R in which Judge Russo recommends that Defendant's Motion for Sanctions be denied. Defendant does not object to Judge Russo's recommendation regarding Defendant's Motion for Partial Summary Judgment. Because Defendant's objection relates to a nondispositive matter, the Court applies the clearly erroneous or contrary to law standard of review.

Before Judge Russo, Defendant moved for sanctions under Rule 11 of the Federal Rules of Civil Procedure. Defendant argued that Plaintiff's property damage claim was frivolous, and that Plaintiff continued to advance a legally unsupportable claim despite apparent conflict with discovery evidence and established law. In determining that Rule 11 sanctions were not appropriate, Judge Russo found that Defendant, as the moving party at summary judgment, failed to identify the applicable Oregon rule surrounding lessees alleging negligence affecting third-party property. Judge Russo explained that under the Oregon rule, elaborated on in the F&R, Plaintiff's claim was not automatically invalidated based on a lack of ownership interest in the property. Instead, Judge Russo concluded that Plaintiff "merely failed to carry his evidentiary

PAGE 3 – ORDER

burden regarding his responsibilities and duties in relation to the leased property in opposing summary judgment," which was not an extraordinary circumstance that would justify imposing Rule 11 sanctions. Judge Russo also found that Defendant failed to put forth evidence of Plaintiff's bad faith or dilatory practices.

Defendant raises multiple arguments as to why this Court should decline to affirm Judge Russo's recommendation regarding the Motion for Sanctions. First, Defendant argues that because Plaintiff failed to respond to the Motion for Sanctions, Plaintiff effectively conceded that there was a sufficient legal basis for Defendant's motion and that the requested sanctions are appropriate. Generally, the failure to respond to an argument on its merits is grounds for deeming that argument abandoned or conceded. *See Ramirez v. Ghilotti Bros.*, 941 F. Supp. 2d 1197, 1210 & n.7 (N.D. Cal. 2013) (collecting cases holding that a party concedes an argument by failing to respond to it); *Angeles v. U.S. Airways, Inc.*, 2013 WL 622032, at *4 (N.D. Cal. Feb. 19, 2013) ("The failure to respond amounts to a concession."). A court, however, is not *required* to grant a motion for Rule 11 sanctions simply because the nonmoving party failed to respond in opposition. *See* Fed. R. Civ. P. 11 advisory committee's note to the 1993 amendment ("The court has significant discretion in determining what sanctions, if any, should be imposed for a violation . . . ."); *see also Deebs v. G. Dallas Horton & Assocs., LLC*, 2005 WL 8161683, at *1 (D. Nev. Nov. 29, 2005) ("Notwithstanding that Plaintiff has failed to respond [to the motion for sanctions] and the failure constitutes consent to this motion, the Court will consider it on its merits. . . . Plaintiff's failure to respond to the . . . [motion for sanctions] does not establish the necessary basis for Rule 11 sanctions."). Judge Russo did not act contrary to law by declining to grant Defendant's Motion for Sanctions given Plaintiff's failure to respond to that motion.

Next, Defendant argues that Plaintiff failed to plead "any reasonable basis for recovery of his alleged property damages," and that it was an error for Judge Russo to rely on "unpled legal theories and authorities" to find that Plaintiff "could have theoretically recovered damages pursuant to his property damage claim." Defendant's argument about what is properly considered by a court at summary judgment misses the mark in the context of Rule 11 sanctions. "[W]here it is patently clear that a claim has *absolutely no chance of success* under the existing precedents, and where no reasonable argument can be advanced to extend, modify or reverse the law as it stands, Rule 11 has been violated." *Golden Eagle Distrib. Corp. v. Burroughs Corp.*, 801 F.2d 1531, 1538 (9th Cir. 1986) (emphasis added) (quoting *Eastway Const. Corp. v. City of New York*, 762 F.2d 243, 254 (2d Cir. 1985)). Judge Russo's discussion of Oregon's legal rule surrounding lessees alleging negligence affecting third-party property shows that Plaintiff could have a basis for recovery for this claim. And although Plaintiff ultimately failed to prove his entitlement to property damages, this does not by itself necessarily justify imposing sanctions. *See, e.g.*, *Jackson v. Jacob*, 2021 WL 3578671, at *2 (C.D. Cal. Apr. 9, 2021) ("[A]n unsuccessful argument alone does not warrant sanctions."); *Tai Jan Bao v. Solarcity Corp.*, 2017 WL 878226, at *3 (N.D. Cal. Mar. 6, 2017) ("The fact that Plaintiffs' complaint was unsuccessful is not enough to warrant Rule 11 sanctions."); *see also Lee v. Pow Ent., Inc.*, 2021 WL 5768462, at *2 (9th Cir. Dec. 6, 2021) ("Because awarding sanctions is an extraordinary remedy, it is best reserved for the most egregious cases . . . ." (cleaned up)). Thus, Judge Russo's conclusion that sanctions are not appropriate because there is a possible basis for Plaintiff's recovery is not contrary to law.

Moreover, the decision to award Rule 11 sanctions is discretionary. Judge Russo found that Defendant failed to put forth evidence of Plaintiff's bad faith and dilatory practices, which

contributed to her conclusion that Rule 11 sanctions were not appropriate. Although Defendant attempts to persuade the Court otherwise, the Court will not disturb Judge Russo's factual findings unless clearly erroneous—and this finding is not.

The Court OVERRULES Defendant's objection (ECF 42) to Judge Russo's nondispositive order and AFFIRMS Judge Russo's denial of Defendant's Motion for Sanctions (ECF 37). No party having made objections to Judge Russo's dispositive order, this Court follows the recommendation of the Advisory Committee and reviews Judge Russo's F&R for clear error on the face of the record. No such error is apparent. Accordingly, the Court ADOPTS Judge Russo's F&R (ECF 40) and GRANTS Defendant's Motion for Partial Summary Judgment (ECF 30).

**IT IS SO ORDERED.**

DATED this 13th day of June, 2024.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge